No. 2444.—STATE OF LOUISIANA *v.* DUBOIS, CAMBRE and COMINGE.

The continuance of a criminal trial can not be claimed by the accused a second time on the ground of the absence of counsel.

In a criminal case, the punishment of which is not capital, the jury may be allowed to separate after they are empanneled.

APPEAL from the First District Court, parish of Orleans. *Abell*, J. *S. Belden*, Attorney General, for the State. *Ernest Morel*, for defendant and appellant.

LUDELING, C. J. Jules Dubois, John Cambré and Prosper Cominge were indicted for robbery; they were tried and convicted. From the judgment of the court, Prosper Cominge has appealed.

There is no bill of exceptions, no motion for new trial, nor motion in arrest of judgment; but in this court the following assignment of errors is made:

That he was ordered to trial in the absence of his counsel; that a former continuance, granted on the application of a codefendant, is no cause to refuse appellant a continuance on account of the absence of his counsel, and that the court should not have permitted the jury to separate after being empanneled, and, at the same time order the prisoner, who was under bond, to jail. The following is a part of the minutes of the court in the case:

" The accused, Prosper Cominge, and the prisoners, Jules Dubois and

John Cambré, stating that their counsel was absent, and this case having been continued once before on that ground, the court appointed Ernest Morel, Esq., to assist the said Jules Dubois, John Cambré and Prosper Comingo on their trial; and said counsel being present in court accepted the appointment and assisted the aforesaid accused."

We think the ruling correct under the circumstances. It is not impossible the counsel might have not attended by the prisoner's contrivance.

There was no error in permitting the jury to separate, after being empannelled in this case, it not being capital. And the imprisonment of the accused, whether right or wrong, could have had no bearing on the trial of the case.

It is therefore ordered that the judgment be affirmed, with costs of appeal.