No. 9592.

### THE STATE OF LOUISIANA VS. JOE PIERRE.

In a criminal prosecution, the papers of which have been purloined from the clerk's office, the district attorney has the legal right to enter a *nolle prosequi* of the charge contained therein, and to present a new indictment or information on the same charge against the same party.  To hold otherwise would render the State powerless against a criminal who had friends to purloin the papers of his case.

An indictment or information which in two separate counts charges the offence of putting out an eye with a *club*, and the crime of assault with intent to commit murder with a *club*, is not bad for duplicity.  The two offenses could grow out of the same act, hence they may be charged in the same indictment.

An accused whose case is fixed for the second week of the term has not the right to require service of the list of jurors drawn for the third week of the term.

In a case not capital the jury may be allowed to separate during the trial.

APPEAL from the Twenty-first District Court Parish of St. Martin.  *Gates*, J.

| 38 | 91 |
| 48 | 134 |
| 48 | 295 |
| 49 | 272 |
| 38 | 91 |
| 52 | 212 |
| 38 | 91 |
| 120 | 669 |

State vs. Pierre.

*M. J. Cunningham*, Attorney General, and *Chas. H. Mouton*, District. Attorney, for the State, Appellee.

*Edward Simon* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J.   Defendant appeals from a conviction of an assault with intent to commit murder.

He calls our attention to a motion to quash, and to three bills of exception involving matters connected with his trial.

His motion to quash the information filed against him presents two points :

1.   The first is rather undefinable, but it seems to read as an exception of *lis pendens.*

The papers of a previously instituted prosecution against him were, together with many other files and records of suits pending in the district court, purloined from the clerk's office; whereupon the district attorney asked and obtained leave of the court to enter a *nolle prosequi* of that charge against this accused, and immediately thereafter, he presented an information on the same charge, which resulted in the trial now on appeal before us.

Defendant's contention that the *nolle prosequi* could not be entertained in the absence of the papers which contained the charge against him is without merit.   The right of the district attorney to enter a *nolle prosequi* of a charge against any accused, under all circumstances has never been questioned, when the papers are in his possession, and the difference in law between that and the exercise of the same power, when the papers are missing, is not easily discerned.

The argument as to the alleged irregularity in the mode adopted by the district attorney to reinstate a cause when the papers have been lost, has no application to the state of the case as shown by the record.

In presenting the second prosecution, after a legal disposition by *nolle prosequi* of the previous charge for the same offence, the district. attorney did not propose to reinstate a lost case, but he simply exercised his unquestioned right to prosecute a charge which he had previously withdrawn by a *nol pros.*   Hence the previous prosecution was not a pending cause, and it was no obstacle to the prosecution under which the accused was tried.   To deny the right to the State's. attorney to follow the course which he adopted in this case would simply be tying the hands of the State in favor of any offender who could.

find willing tools to purloin the papers which made up the proposed prosecution of his offence.

2. The second point is a charge that the information is bad for duplicity, as containing two separate and distinct charges in the same information.

In one count the accused is charged with putting out an eye with a *club*, and in another count he was charged with an assault with intent to commit murder with a *club*.

It is true that the two offences charged are denounced in different statutes, but it cannot be denied that they could grow out of the same act, hence they were kindred offences; therefore they could be charged in the same indictment, provided they are contained in different counts. State vs. Green, 37 Ann. 382; State vs. Gilkie, 35 Ann. 53; State vs. Johns, 32 Ann. 812; State vs. Depass, 31 Ann. 487; State vs. Malloy, 30 Ann. 61.

These considerations are sufficient to dispose of one of the bills of exception, in which the same matters growing out of a charge to the jury, are raised and discussed.

3. The complaint of the accused, whose case was fixed for trial for the second week of the term, that the list of jurors drawn to serve during the third week had not been served on him, is too trivial to be seriously considered by this Court. He might with as much grace have complained that a list of jurors drawn for a previous term of the court had not been served on him.

4. The alleged error of the trial judge in allowing the jurors to separate during the trial is not an error.

This was not a capital case, and the jury could separate. State vs. Dubois, 24 Ann. 309.

We are satisfied from the record that the defendant has had a fair trial.

Judgment affirmed.