No. 11,747.

### STATE OF LOUISIANA VS. R. B. EDWARDS.

There are many circumstances which, being shown, would authorize the introduction of parol evidence to prove the contents of written instruments ' Where such evidence has been admitted, without objection, a refusal of the court to charge that the evidence was "illegal" furnishes no ground of complaint when the bill of exception reserved does not negative the existence of facts which would authorize the introduction of secondary evidence, nor show wherein the evidence was "illegal."

The refusal of the court to permit an accused, charged with having violated a criminal statute prohibiting the sale of liquor within three miles of Ruston College, to show tnat the college building was destroyed, was correct—it not being averred that the building was not in existence when the act charged was committed, nor that the operations of the college were broken up by the destruction of the building. The law did not become inoperative by that fact.

APPEAL from the Third Judicial District Court for the Parish of Lincoln. *Barksdale, J.*

----

*M. J. Cunningham,* Attorney General, and *James D. Everett,* District Attorney, for Plaintiff, Appellee.

----

*Kidd & Vernon* for Defendant, Appellant.

State vs. Edwards.

Submitted on briefs March 30, 1895.
Decided April 8, 1895.

The opinion of the court was delivered by

NICHOLLS, C. J.  Appellant having been convicted under an information which, in the first count, charged him with selling liquor without license, and in the second, with selling liquor within three miles of Ruston College, has appealed.  We find in the record two causes of error assigned, presented in the bills of exception.

The first bill recites that "Whereas, on the trial of this cause, it was shown by parol evidence that defendant held a revenue license to sell whisky in Ruston, La., and defendant requested that the court charge the jury that the nature of a written document could not be shown by oral testimony, the court refused to give said charge.  Defendant excepted to the ruling and filed his bill of exceptions."

The court's statement, annexed to the bill, is "that during the trial one witness swore that defendant had a United States license to retail liquor in the town of Ruston up to July 1, 1894.  The defendant has shown him the license.  That counsel for defendant made no objection to the admission of the testimony, but did ask the court to charge the jury that it was illegal.  That the court refused to do so, because the evidence was only secondary, not illegal evidence, and had been heard without objection."

There are many circumstances which, being shown, would authorize the introduction of parol evidence to prove the contents of written instruments.  The bill taken does not negative the existence in this case, of such circumstances, nor show wherein the evidence was "illegal."  Where the court on application to it to charge that certain evidence which had been omitted on the trial was illegal, and should be excluded, "refuses to so charge, and it is shown that the evidence was received without objection, and the only objection to be urged was that it was "secondary" evidence, the ruling of the court must be sustained.  The objection must be held to have been unfounded, and also, that it was urged too late.

The second bill is to the refusal of the court to permit defendant to prove "the destruction by fire of the Ruston College prior to the alleged time of selling whisky, within three miles of said college;

44

on objection made by the State that "the testimony was irrelevant and illegal." The court assigned as its reasons that the burning of the buildings belonging to the Ruston College was irrelevant; that the temporary destruction of a building can not render a criminal statute nugatory and inoperative. That there was no effort, or announced intention to prove that the Ruston College was not then in operation, or was at the time the crime was alleged to have been committed, nor was there any question as to distance. The claim urged was that if the college building was destroyed, the act of 1890 (prohibiting the sale of whisky within three miles of Ruston College) was suspended, and that the evidence tendered was a perfect defence to the second count.

For the reasons assigned by the court, its ruling was undoubtedly correct.

Judgment affirmed.