No. 12,689.

### STATE OF LOUISIANA VS. J. W. WIGGINS.

Not a fatal irregularity to wait until panel is completed before administering oath to jurors, even though there be an adjournment over night, where those accepted as jurors on the incomplete panel are kept in the custody of the sheriff and properly instructed not to speak of case, etc.

Signature of witness to his deposition, taken at preliminary examination before the judge, not required; nor that the testimony at such examination be taken down by the judge himself, if done under his supervision; nor is it necessary that it be formally certified to by the judge, or clerk of court.

A witness can not be cross-examined as to a fact collateral and irrelevant to the issue merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony.

A witness can not be contradicted without first laying a foundation therefor by calling his attention to the time, place and circumstances, as well as to the parties to whom the alleged statement was made, and thus giving him the opportunity of denying or explaining. And the doctrine holds good though the witness be absent or dead, and his previously taken deposition is offered. And it makes no difference that the contradictory statement was made *after* the deposition was taken. or, if made before, was not known to the accused or his counsel.

It is for the court, not the jury, to decide what is and is not admissible as evidence, and to pass upon the sufficiency and effect of testimony offered to lay the foundation for the production and admission of testimony relating to the merits of the case, taken at a previous trial, by a witness absent at the subsequent trial.

Before evidence of threats on part of deceased can be introduced, there must be a showing of an overt act, or hostile demonstration.

An accused person not going on the stand as a witness is entitled to have the jury instructed that his declination of the privilege gives rise to no inference against him And if he *goes* on the stand, the jury may properly be charged that in weighing his testimony they may take into account the fact of interest in the result of the trial.

APPEAL from the Eighth Judicial District Court for the Parish of Catahoula. *Dagg, J.*

*M. J. Cunningham*, Attorney General, and *D. N. Thompson*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*John S. Boatner* and *H. B. Taliaferro* for Defendant, Appellant.

Argued and submitted February 12, 1898..
Opinion handed down March 7, 1898.

The opinion of the court was delivered by

BLANCHARD, J. The accused, indicted for murder, was convicted of manslaughter, and, from a sentence of twenty years at penal servitude, appeals.

Numerous bills of exception bring under review almost every ruling made by the court below in the progress of the trial.

Error is assigned to the admission of the testimony of one Joseph Briscar, a witness for the State, taken at the preliminary examination. Briscar was absent permanently from the State at the time of the final trial. This was first shown, and then his testimony at the preliminary examination offered. When this testimony was taken at the preliminary examination the accused was present with his counsel, and there was full opportunity for cross-examination.

Its offer at the trial was resisted on the grounds (1) that the testimony had not been reduced to writing, or taken down by the judge himself, sitting as a committing magistrate, but by another person; (2) that the deposition, or written testimony, was not properly authenticated, there being no certificate by the clerk, nor seal of the court attached.

The judge, in overruling the objections, annexed the deposition to the bill of exceptions. This deposition begins as follows: "The State of Louisiana vs. J. W. Wiggins. Preliminary examination held before the Hon. J. L. Dagg, Judge of the Eighth District Court, on November 16, 1896. The accused and his counsel, H. B. Taliaferro, and D. N. Thompson, District Attorney, being present. Joe Briscar, sworn for the State." Then follows his testimony, at the close of which is appended his signature and the jurat: "Sworn to and signed this 16th November, 1896. J. G. Taliaferro, clerk."

There was proof by the clerk of court at the trial, and before the deposition was received in evidence, that he had taken it down at the preliminary examination; that it was taken down in the presence of the judge, the accused and his counsel, under the direction and supervision of the judge, and that the witness had signed it in the

presence of all the parties, and his signature had at the time been attested by him (the clerk). This testimony of the clerk was objected to by the accused on the ground that parol evidence was inadmissible to prove the verity of testimony taken at a preliminary examination, or to prove anything beyond what is shown by the proceedings themselves, and error is assigned to the ruling of the judge admitting it. The objection is without force. The witness was competent and the evidence legal.

On the showing made, which is really more than the law requires, the deposition of Briscar was properly admitted to be read to the jury. State vs. Allen, 37 La. An. 685.

The signature of the witness to the deposition is not required by the statute (R. S. 1010) though attached in this case.

It is not essential that testimony at the preliminary examination of a person accused of crime should be taken down by the hand of the judge himself. It suffices if it be done under his supervision and direction. Nor is it required to be formally certified to by the judge or clerk of court. State vs. Allen, 37 La. An. 685.

Error is assigned to the refusal of the court to permit the defence to propound this question to their witness, Crooks: "Do you or not know whether Mr. Gillespie was drunk any time before the homicide within a period of two months." The purpose was to contradict what Gillespie, a State witness, had said on cross-examination, to the effect that he had not taken a drink of wiskey for two months prior to the killing. The objection to this, that it was not competent to contradict the witness upon a matter not pertinent or material to the issue, brought out by counsel for the accused on cross-examination, was properly sustained.

It is well settled that a witness can not be cross-examined as to any fact which is collateral and irrelevant to the issue merely for the purpose of contradicting him by other evidence if he should deny it, thereby to discredit his testimony. 1 Greenleaf on Evidence, Sec. 449; Hussey vs. State, 6 So. Rep. 425; 9 So. Rep. 448; 19 So. Rep. 439; State vs. Spencer, 45 La. An. 1.

Error is assigned to the refusal to permit Boatner and Crooks, witnesses for the defence, to testify that the State's witness, Briscar, who was absent, but whose testimony taken at the preliminary examination had been offered and read to the jury, had made a contradictory statement to that set forth in his deposition, in this, to-wit:

that whereas he had testified he was in the room when the shot was fired which killed the deceased, he had said to or in the hearing of Boatner and Crooks that he was not in the room. Objection was made that the witness, Briscar, could not thus be contradicted without first laying a foundation therefor by calling his attention to the time, place and circumstances, as well as to the parties to whom such alleged statement was made, and thus giving the witness the opportunity of denying or explaining the same. It appears that neither the accused nor his counsel had been made aware of this conflicting statement of Briscar, alleged to have been uttered prior to the giving of his testimony at the preliminary examination, and this is strenuously urged in mitigation and avoidance of the effect of the failure to lay the foundation for discrediting him in the cross-examination at the preliminary trial.

This contention of the defence can not be sustained.

The authorities to the contrary are overwhelming.

The objection to this testimony, sustained by the court *a qua*, is well settled law. And the doctrine holds good though the witness be absent or dead. Starkie on Evi. 409, 410; Pruitt vs. State, 9 So. Rep. 406; Lowe vs. State, 5 So. Rep. 435; Sharp vs. Hicks (Ga.), 21 S. E. Rep. 208; Mattox vs. United States, 156 U. S. 237; A. and E. Ency. of Law, Vol. 29, pp. 787, 788; Stewart vs. State (Tex.), 26 S. W. Rep. 203; Knoblock's Crim. Dig. 437; State vs. Johnson, 35 La. An. 871: Ayres vs. Watson, 132 U. S. 394; Fletcher vs. Fletcher, 5 An. 406.

And the rule is not varied by the fact that the contradictory statement was made *after* the deposition was taken, or, *if made before, was not known to the accused or his counsel.* Ryan vs. People (Col.), 40 Pac. Rep. 777; Mattox vs. U. S., 156 U. S. 246.

No effort appears to have been made on part of the defence to obtain an examination of the witness Briscar in relation to his alleged contradictory statements, so as to bring the case within the rule of Fletcher vs. Henley, 13 La. An. 191.

Error is assigned to the refusal of the court to charge the jury that in the absence of any certificate of the clerk, or seal of the court to the deposition of the State's witness, Briscar, taken at the preliminary examination, and in the absence of any proof to the jury that the alleged deposition contained a true statement of the evidence of

the witness, the same should not be considered by the jury as legal evidence, but disregarded.

The ruling of the court was correct. Briscar's testimony was sufficiently authenticated and the showing ample that the deposition was a true statement of his evidence at the preliminary trial.

It was properly admitted in evidence, and being in evidence the jury could properly consider it. Nor was it essential that the evidence of the witnesses, Taliaferro, Dosher and Spain, relating exclusively to the question of the absence from the State of the witness Briscar, and to that of the proper taking down of his testimony at the preliminary examination, with the purpose and view of laying the foundation for the offering of the deposition, should have been taken in the presence of the jury, or read to them. Such evidence had no relation whatever to the merits of the case; it simply established a predicate for the admission of Briscar's previous testimony. It is for the court, not the jury, to decide what is and is not admissible as evidence and to pass upon the sufficiency and effect of testimony offered to lay the foundation for the production and admission of testimony relating to the merits of the case, given at a previous trial by a witness absent from the State at the subsequent trial. As the jury could not pass upon the testimony had it been taken in their presence, the accused is without ground of complaint that it was taken out of their presence.

Besides, if this was proper matter of complaint and was prejudicial to defendant, he should have made objection at the time and preserved his rights by a bill of exceptions.

This he did not do, but sought, long after the trial, to have the minutes of court amended so as to show that the statements of the witnesses named were made out of the presence of the jury; and to the refusal of the judge to do so, on the ground that it is not necessary for the minutes to contain a minute recital of all that transspires at the trial, takes a bill of exceptions. We do not find that the court erred in this, and the bill taken to the denial of motion to thus amend the minutes can not avail the accused, even though we should admit it as part of the transcript of the case, having been presented long after the case was docketed here.

Error is assigned to the ruling refusing to allow the accused to ask R. J. Lanier, a witness in his behalf, whether or not C. J. Hootsell, who testified on behalf of the State, lives in open concubinage with

a negro woman and has a family of children by her. The question and answer sought to be elicited were objected to on the ground that the proper foundation had not been laid for the introduction of such testimony; that the *general* character and reputation only of the witness could be inquired into; and that the question propounded was leading. These objections were well taken. 1 Greenleaf on Ev., Sec. 461; Wharton's Crim. Ev., Secs. 486, 487; Slidell, J., in State vs. Parker, 7 La. An. 89.

Error is assigned to the ruling not permitting the accused, while on the stand as a witness in his own behalf, to state that deceased threatened him personally a short time previous to the homicide.

The State objected upon the ground that the foundation for this had not been laid, no overt act, or hostile demonstration, having been shown. In his reasons for sustaining the objection, the judge says, among other things of the same purport, that: "All the facts established on the trial showed that there was no overt act, or hostile demonstration by the deceased, and, therefore, the foundation for the testimony offered had not been laid." It appears that all the testimony in the case, except that of the accused, negatived any act on part of the deceased in any way hostile or threatening.

Before evidence of threats on part of the deceased can be introduced there must be a showing of an overt act, or hostile demonstration. It rests with the trial judge to determine whether such showing has been sufficiently made as laying the foundation for the evidence, and his ruling in this regard will not be disturbed unless it appears that a just discretion has been abused.

Error is assigned to the charge of the judge in relation to the effect to be given by the jury to the evidence of the defendant. The accused had gone upon the stand as a witness in his own behalf. In the course of his charge the judge said: "While our statute permits parties accused of crime to testify in their own behalf, still the jurors are the judges of the credibility (creditableness) and weight of such testimony, and in determining such weight and creditability, the fact that such witnesses are interested in the result of the cause may be taken into account by the jury, and you may give the same such weight as you think it justly entitled to under all the circumstances of the case and in view of the interest of such witnesses."

It is urged that this language was improper and calculated to

impair the evidence of the accused in his own behalf with the jury.

A careful consideration of the question here raised ends in a conclusion adverse to the contention of defendant.

An accused person who does not go on the stand is entitled to have the judge charge the jury that the fact that he declines to avail himself of the privilege gives rise to no inference against him.  State vs. Walsh, 44 An. 1134; Wharton Crim. Ev., p. 435; Act 29 of 1886.

So, too, if he goes on the stand as a witness the judge may charge the jury that in weighing his testimony they are entitled to take into account the fact of interest in the result of the trial.  Am. and Eng. Ency. of Law, Vol. 29, p. 677; Pruitt vs. State, 9 So. Rep. 406; Reagan vs. United States, 157 U. S. 301; State vs. Tarter, 37 Pac. 53; People vs. Resh (Mich.), 65 N. W. 99; State vs. Fiske, 63 Conn. 388; Sackett's Instructions to Juries, Secs. 20, 21, p. 43.

Nor is such instruction prejudicial error because it singles out the accused from the other witnesses in the case.  No other witness occupied the same position as did the accused, and the instruction, therefore, does not apply to him a test of credibility which could have been applied to others.  Doyle vs. People (Ill.), 35 N. E. 372.

This was, in effect, charging one or more of the general rules of evidence, viz.: That the motive or *bias* of a witness, his interest in the outcome of the trial, may affect, more or less, his evidence for credibility, and that the jury are the judges of the effect and value, the weight and sufficiency, of the evidence addressed to them.

The statute (Act 29 of 1886) specifically requires the judge to charge the jury that such testimony shall be weighed and considered according to the general rules of evidence.  It was intended, of course, that the judge should not merely say to the jury, " You are to weigh and consider the testimony of the accused according to the general rules of evidence," but should explain to them what are the particular general rules of evidence that are applicable to testimony given by an accused person.  This is what the judge in the instant case did.  This court said in State vs. Walsh, *supra*, that " the weight of the testimony (of the accused) is left to the jury." Wharton, Crim. Ev., Secs. 434, 436, 439.  If it is left to the jury, it is proper for the judge to tell them so.

The words " but all testimony shall be weighed and considered according to the general rules of evidence," in the concluding clause

of Sec. 2 of the act of 1886, have reference, clearly, *to all testimony* given by accused persons under the permission of the act.

The judge is to charge that all such evidence—*i. e.*, that given by defendants in criminal causes, "shall be weighed," etc. It was not necessary to use that language as to the testimony of *other witnesses* in a case, for it has always been the law that *their* evidence is to be weighed and considered by the general rules of evidence. This demonstrates that the lawmaker intended to apply the language used in the statute to the testimony of accused persons. It is with reference to accused persons only that Sec. 2 of the act speaks.

This disposes of the objections presented through bills of exception, and leaves only to be considered error assigned as appearing on the face of the record in this, to-wit: that nine of the jurors called on the first day of the trial were accepted after examination on their *voir dire*; that the regular *venire* being then exhausted *tales* jurors were ordered summoned to complete the panel; and that the court then adjourned until the next day without having first caused the nine persons accepted as jurors *to be sworn as such*.

It is urged that it was the duty of the court before adjournment and before anything else was done in the case, and without waiting to complete the panel, to swear in the nine jurors.

It is shown by the record that before adjourning for the day, the nine persons accepted as jurors were put in charge of the sheriff and kept together in custody, the court first instructing them not to talk to each other, nor to permit any other person to talk with them about the case; that the next day the panel was completed by the selection and acceptance of three more jurors from the *tales* jurors summoned; and that, thereupon, the oath prescribed by law was administered to the jurors and the trial was proceeded with.

We have been referred to no requirement of statute and to no authority sustaining the contention of defendant, that what was done or not done, in the respect mentioned, and which is the common practice, is fatal irregularity, even if the same may be brought to our attention without a bill of exceptions seasonably taken thereto. Nor has a consideration of the point presented convinced us that error was therein committed to the prejudice of the accused, such as justifies the reversal of the verdict and sentence appealed from.

Judgment affirmed.

NICHOLLS, C. J., takes no part.