State vs. Logan et al.

No. 13,796.

STATE OF LOUISIANA VS. WILLIAM LOGAN ET AL.

### SYLLABUS.

1. If the recitals made by counsel of an accused party in a bill of exceptions are incorrect, the judge should specifically contradict them · and make himself a statement of facts.

2. The judge in overruling, in the presence of the jury, objections of counsel of accused to the admissibility of evidence, should not convey to the jury his opinion of the facts of the case.

APPEAL from the Third Judicial District, Parish of Claiborne— Edwards, J.

*Waller Guion,* Attorney General, and *J. C. Theus,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Richardson & Richardson* for Lee Slaton, Defendant, Appellant.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. On the 8th of December, 1900, an information was filed in the District Court for Claiborne Parish, charging that William Logan and Lee Slaton did, on the 3rd of October, 1900, wilfully and feloniously accuse and threaten to accuse John Richardson of operating and being connected with an illicit and unlawful distillery, and to prosecute and cause to be prosecuted and to subject him to public scandal, ridicule, and unpleasant notoriety, with the intent to extort money, goods and chattels from him, and his father, Joseph Richardson.

We are informed in a bill of exceptions found in the record, that William Logan was interdicted and was not placed on trial.

The case went to trial against Lee Slaton. He was found guilty and sentenced to the penitentiary for one year and to pay a fine of fifty dollars.

He appealed.

He relies for reversal upon complaints embodied in a bill of exceptions, and upon an assignment of error filed in the Supreme Court.

It appears from the bill that J. R. Richardson, a witness for the State,

being upon the stand, he was asked by the District Attorney to state "what either of the accused stated to him when they were at the house", and that counsel of the defendant objected on the ground that in the bill under which defendant was being tried, there was no conspiracy charged or alleged, and therefore the evidence was inadmissible. That declarations, statements or threats made by one of the accused were not admissible against the others, and if admitted, the court should state to the jury that such statements, declarations or threats, should only be considered as to the one making same, and not to the others. That this objection was overruled, the court declaring that if not made in the presence of others, he would instruct the jury that they should not consider them, except as to the one making them, but if they were made in the presence of all though made by one, they should be taken as evidence against all. That the judge did so instruct the jury, but defendant reserved a bill.

It appears that after this Mrs. J. R. Richardson was placed on the stand as a witness for the State and was asked by the District Attorney "if either of the accused had made any statement to her in connection with the matter under consideration;" that she answered: "Yes—that Logan had;" that Slaton was at the cane mill, about seventy-five yards from the house; that she did not see Slaton at the time of her talk with Logan; that he was there when they left in the evening; that her conversation was not in the presence or hearing of Slaton; that she was asked to state "what Logan had said to her?" that to this evidence defendant objected for the reasons that the court had ruled on the same question asked of J. R. Richardson "that if not made in the presence of all, the statements, declarations or threats were not receivable as against the one not making the same."

That William Logan was not on trial and that any statement made by him out of the presence of the other defendant was inadmissible. That the court overruled the objection.

The bill of exception recites "that the court in ruling on the objection stated that he had ruled as stated in the objection; that he knew the Supreme Court had ruled that statements and declarations made by one accused out of the presence of the others without an allegation or proof of conspiracy, were inadmissible, but knowing the facts in this case as he did, the said evidence ought to be admitted; that if the Supreme Court knew the facts as he did it would be admitted and that he would admit it and that defendants could take their bill of exception if they wished."

After this recital is found the following statements:

"It had already been proven the defendants had gone to Richardson's house with Winchester rifles and represented that one of them was a United States detective, and it appeared to the court that these parties were there with the common design—and each in the presence of the other—was doing his part to the one end, to get money from Richardson.

"The court did not state any fact or say as to what had been proven, and charged the jury as would appear from the written charge."

Below this statement is the following:

"To said ruling and the statement made by the court in the presence of the jury as to what he, the judge, knew about the facts of the case, defendants, by counsel, excepted and tender this, his bill of exception. After submitting same to the Attorney for the State and prays the same be allowed filed and made a part of the record in this case".

To this bill is affixed the signature of the judge without further comment.

We presume that that portion of the bill commencing with the words: "It had already been proven" down to the words: "To this ruling and the statement made by the court in the presence of the jury" is a recital by the judge.

Defendant's counsel do not directly and specifically declare that the statements which they recite were made by the court in overruling their objection—were made by him in the presence of the jury, but they do so indirectly. They declare that the statements made in overruling the objections and that ruling must have been in open court and in presence of the jury. They declare that they excepted to the statements made to the judge in the presence of the jury as to what he, the judge, knew about the facts of the case. The judge does not contradict the recital of defendant's counsel that he had made some statement before the jury as to what he knew of the facts of the case, but contented himself with saying that he did not state any fact or say as to what had been proven.

If it be true that the judge stated in the presence of the jury that defendant's objections to the evidence were well taken generally, but that *knowing the facts as he did,* the evidence ought to be admitted and if the Supreme Court knew the facts as he did, it would admit the evidence", he conveyed to the jury his opinion that under the facts as declared to be known to him there existed the condition of things which

would be needed to make the evidence admissible; evidently in his judgment the existence of an existing conspiracy between the parties to extort money.

The court, in our opinion, was not justified in making such a declaration in the presence of the jury. If the judge did not make the particular declarations attributed to him in the presence of the jury, he should have so stated, or at least recited what he did say, in overruling the objections. We think his action prejudicial and that the verdict should be set aside, and the judgment annulled.

There is no necessity of our passing upon the questions raised by the filing of the assignment of errors in this court, by the defendant.

For the reasons assigned, it is ordered, adjudged and decreed that the verdict of the jury be, and the same is set aside, and the judgment thereon rendered, annulled, avoided, and reversed. It is further ordered and decreed that the cause be remanded to the lower court for further proceedings, according to law.