SOMMER VBDLE, J.
Defendant was charged with murder, and she appeals from a verdict finding her guilty of manslaughter, and a sentence condemning her to serve at hard labor for five- years in the penitentiary.
The only bill of exceptions found in the record is based upon a ruling of the court overruling an objection to certain evidence offered by the state, which consisted of testimony, taken at a preliminary trial, of a witness who was shown to be permanently absent from the state at the time of the last trial. The grounds of objection to the testimony were that the proces verbal embracing the testimony of the absent witness does not show that it was taken in the course of any judicial proceeding, and that it was not sworn to and signed by the absent witness.
Revised Statutes, § 1010, does not require that these formalities should be complied with. State v. Allen, 37 La. Ann. 685; State v. Wiggins, 50 La. Ann. 330, 23 South. 334; State v. Timberlake, 50 La. Ann. 308, 23 South. 276.
.The judge states, before signing the bill of exceptions, that the objection to the testimony was made too late, and came after the testimony had been read to the jury by the district attorney. State v. Holmes, 40 La. Ann. 170, 3 South. 564; State v. Edwards, 47 La. Ann. 689, 17 South. 246. The judge further states that the accused did not ask that the jury be instructed to disregard the testimony.
The ruling of the trial judge was correct, and it will not be disturbed. The alleged defects referred to in the , proces verbal should have been stated to the court, and the testimony objected to before the testimony was received and read. The testimony went to the jury without objection, and the court was without authority to entertain an objection subsequently made.
Judgment affirmed.