(109 So. 519)

No. 27931.

### STATE v. WOODS.

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Homicide** ⊜⇒158(3), 192—**Letter from defendant to deceased respecting recovery of gun or money held admissible in manslaughter trial.**

In manslaughter trial, letter written by defendant to deceased a few days before homicide, stating that deceased should not have sold his gun, and that he would be up after it or money, *held* admissible to show motive, intent, and willful, felonious homicide, and to rebut plea of self-defense.

2. **Criminal law** ⊜⇒682.

As one pleading self-defense need not prove justifiable homicide, state may anticipate such plea when offering evidence in chief.

3. **Criminal law** ⊜⇒1170½(1)—**Witnesses** ⊜⇒283—**Refusal to permit recall of state's witness for further cross-examination, and attachment of answers to bill of exception to failure to identify letter, already sufficiently identified by witness, held not error.**

In manslaughter trial, refusal to permit recall of state's witness for further cross-exami-

nation, and attachment of answers to bill of exception to alleged failure to identify letter from defendant to deceased, *held* not error, where letter had been testified to by witness, whose testimony that defendant admitted writing it was not objected to, and defendant had had opportunity to examine witness.

4. **Criminal law** ⊜⇒1064(5).

Ground of motion for new trial that verdict is contrary to law and evidence presents nothing for review.

Appeal from Eleventh Judicial District Court, Parish of Vernon; Hal A. Burgess, Judge.

John Woods was convicted of manslaughter, and he appeals. Affirmed.

A. B. Cavanaugh and D. D. Newman, both of Leesville, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and John B. Hill, Dist. Atty., of Many (E. R. Schowalter, Asst. Atty. Gen., of counsel) for the State.

ROGERS, J. Defendant was prosecuted on a bill of information charging him with the crime of manslaughter. From a conviction and sentence on said charge he has appealed. Three bills of exception are relied upon by defendant for the reversal of the verdict and sentence.

[1] The first bill of exception was taken to the overruling of an objection made by the counsel for the defense to the admissibility of a certain letter written by the defendant to the deceased a few days prior to the homicide. The letter is attached to, and made part of, the bill. The first ground of objection urged was that it had not been shown that the defendant wrote the letter. The second ground of the objection was that the letter was not admissible under the charge of manslaughter.

There is no merit in the first ground of the objection. The statement per curiam conclusively shows that the letter was written by the defendant and received by the deceased.

The letter in question reads as follows, viz.:

"3/1/26, Boyce, La.

"Mr. D. C. Carter only a few lines to let you here from me; this leave all well and hoping to find you all the same all send love to you Say Dave Willie told me that you said that you had sold my gun if you is you ought not to Did So I will Be up there Satday after my gun are $16.00 in money and I Dont want no truble about it Because I have treated you like a man and you have not preacedit and I Dont Care what happen all I want my gun are the money and every thing will be all Rite Becose I dident owe you But $4.00 and you Dont hafter to Sell my gun So look for me I will Be there after one are the other

"So no more from                J. W. Woods."

Counsel for defendant argue, in support of the second ground of their objection, that the declarations of the letter have a tendency to show malice and premeditation, and that the document could have been admitted only for that purpose, and, since defendant was charged with manslaughter, evidence of malice and premeditation should have been excluded. They also argue that evidence of prior threats, previous difficulties, and declarations showing enmity between the parties is admissible only where there is conflict in the testimony adduced as to who was the aggressor; that such evidence is not admissible in a case like this, where the wife of the deceased was present and witnessed the respective parts played by the deceased and the defendant. In support of their argument they cite State v. McGarrity, 139 La. 430, 71 So. 731. They also contend the court below went too far in holding the evidence was admissible to show who brought on the difficulty and who was the aggressor before defendant had offered any evidence and had disclosed his defense.

The trial judge ruled the letter was admissible to show who was the aggressor, as the burden of proof was upon the state to show that the homicide was not in self-defense and who brought on the difficulty.

[2] We think the evidence was admissible

161 La.—28

as bearing upon defendant's motive and intent. It was incumbent upon the state to prove that the homicide was willful and felonious in order to convict defendant of manslaughter, the crime with which he was charged. The letter tended to show this, and its effect was to refute any plea of self-defense that might be interposed by the defendant. We know of no rule which prevents the state from anticipating a plea of self-defense when offering its evidence in chief, since a person relying on self-defense does not have to prove the homicide was justifiable, but the burden rests upon the state to prove beyond a reasonable doubt the homicide was not justifiable. The decision in State v. McGarrity, supra, in so far as it conflicts with the views herein expressed, is overruled.

[3] Defendant's second bill of exception was reserved to the action of the trial judge in refusing to permit him to recall one of the witnesses for the prosecution for the purpose of further cross-examination and of attaching his answers to bill of exception No. 1 reserved to the alleged failure of the state to properly identify the letter referred to in said bill.

The trial judge states, in explanation of his ruling, that the letter in question had been testified to by the witness; that counsel for the defendant made no objection when the witness declared defendant admitted to him he had written the letter; that the evidence showed the fight started just after the deceased and the defendant had discussed the letter; that the letter had been sufficiently identified; and that it was too late to recall the witness for further examination, as the opportunity had already been given to defendant to examine the witness while he was on the stand. We do not find any error in the ruling complained of.

[4] The third bill of exception was taken to the overruling of a motion for a new trial on the ground the verdict was contrary to

the law and the evidence, and upon the further grounds the court erred in overruling the objections of counsel for defendant as set forth in bills of exception Nos. 1 and 2. We have already discussed and disposed of the second and third grounds of the motion, and the first ground of the motion presents nothing for our review.

For the reasons assigned, the conviction and sentence appealed from are affirmed.