BRUNOT, J.
 

 The accused was prosecuted for the crime of burglary. The trial resulted in his conviction and sentence to serve a term of eight years, at hard labor, in the Louisiana State Penitentiary. Erom the verdict and sentence he appealed.
 

 
 *928
 
 Seven bills of exception were reserved during the trial. All of them were signed by the judge and appear in the record, but Bills Nos. 3, 4, and' 5 have 'since been abandoned. {Defendant’s Brief, p. 5.)
 

 Bill No. 1.
 

 After the jury to try the case had been selected, but before they were sworn, counsel for defendant moved the court to enter a mistrial and to discharge the jury. The motion was overruled, and this bill was reserved to that ruling. The court, in its per curiam, states the grounds urged in support of the motion and gives the following reasons for its ruling, viz.:
 

 “As stated in the bill, at adjournment of court on the first day of trial, nine jurors, had been accepted by the state and defense. They were not sworn and were permitted to separate and go to their homes for the night.
 

 “On the following morning, after the jury had been completed, but before they were sworn, counsel for defendant moved that the jury be discharged.
 

 “The court thereupon asked counsel if he wished the first nine jurors discharged, and he answered that he did not. Whereupon the motion was overruled, the twelve jurors sworn and the trial proceeded with.
 

 “The court overruled the motion for the reason:
 

 “1st. Because the defendant had the privilege of challenging or asking the removal for cause of any or all of said nine jurors before the selection of the remaining three jurors, and the swearing in of the jury, and
 

 “2nd. Because the court believed it to be the better practice not to swear the jurors before the entire jury had been selected.”
 

 Burglary is not a capital offense. It is only in cases involving the penalty of death that jurors are not permitted to separate after being selected to try the case. In cases not capital it is discretionary with the court to permit their separation at all stages of the trial preceding the beginning of the judge’s charge to them. State v. Evans, 21 La. Ann. 321; State v. Dubois, 24 La. Ann. 309, 310; State v. Dallas, 35 La. Ann. 899; State v. Pierre, 38 La. Ann. 91; State v. Baudoin, 115 La. 773, 40 So. 42; State v. Robichaux, 165 La. 510, 115 So. 728.
 

 AYith reference to the time when jurors who have been accepted by the state and defense should be sworn, this court in State v. Scruggs, 165 La. 859, 116 So. 213, said: “Since there is no statute in this state prescribing when the jurors, once accepted, shall be sworn to try the ease, it follows that they may be sworn at any time before the trial is commenced by the reading of the indictment. State v. Wiggins, 50 La. Ann. 333, 23 So. 334. But we think that it is the better plan to swear them all at one time after the jury is completed.”
 

 Bill No. 2.
 

 Before arraignment, defendant filed a motion to quash the information. This motion was overruled by the then presiding Judge. Later, when the case was on trial, the defendant objected to a state witness describing the condition of the show windows of the store which the information charged had been burglarized, basing his objection to the testimony upon the ground that proof of an entry into the show windows would not be responsive to the information, which charged the burglary of the store. The judge in his per curiam to this bill says:
 

 “Prior to pleading to the charge, counsel for the accused filed a motion to quash the indictment upon the ground that a show window was not a part of the store, which motion was overruled by Judge Culpepper, who was then presiding.
 

 
 *930
 
 “Upon the trial of the case before me, counsel for the accused in order to protect his rights under the aforesaid motion, objected to the introduction of any testimony going to show a burglary of the show window, upon the ground that a show window was not a part of the main store, which objection was overruled for the reason that the legal proposition that a show window is a part of a store had already been ruled on affirmatively under the aforesaid motion to quash; and for the further reason that the diagram or plan of the store and show windows and testimony attached to the bill showed said show windows, although separated from the main store by an arcade, yet they were a part of the main building, covered by the same roof, lying under the second floor of the said store, and were used to display goods and' merchandise on sale in said store, and out of which windows goods were sometimes sold.”
 

 The defendant was prosecuted under section S52, Eev. St. The information is in the words of the statute, and charges the burglary of the store of Simon Brothers, Inc., in the nighttime, with intent to steal. The window display chart of the store and the testimony of Mr. J. S. McCallum fully corroborate the per curiam statements of the learned trial judge.
 

 It is shown that the store windows are large and of modern type. They are in the same building and under the same roof as the main store. They are built into and form permanent parts of the building, and they are used not only for display piirposes, but as parts of the store from which goods are, at times, actually sold to customers. Their permanency of location, fixedness of place, in connection with the main store, and the uses to which they are put, make them not only a part of the house into which they are built, but a part of the store which occupies and uses, for store purposes, the entire building. We think the ruling complained of is correct.
 

 Bill No. 6.
 

 This bill was reserved to that part of the judge’s charge to the jury defining a reasonable doubt. The definition was as follows: “A reasonable doubt is defined to be a substantial doubt of the defendant’s guilt with a view to all the evidence in the case, and not a mere possibility of the defendant’s innocence, or based on a mere caprice, fancy or conjecture. It must be a doubt founded upon reason, a doubt for which you can give a reason, a doubt growing out of the testimony in the case or the lack of testimony in the case, a doubt that would cause you to hesitate to act or not to act in the ordinary affairs of life.”
 

 The foregoing definition of a reasonable doubt, while differently phrased, is substantially the same as the definition given in Am.
 
 &
 
 Eng. Ency. of Law (2d Ed.) vol. 23, p. 965, which we quote: “A reasonable doubt has been defined as one arising from a candid and impartial investigation of all the evidence, and such as in the'graver transactions of life would cause a reasonable and prudent man to pause and hesitate. Proof beyond a reasonable doubt has been held, to be such proof as satisfies the jurors, as reasonable men, of the guilt of the accused. Evidence has been held sufficient to remove all reasonable doubt when it is sufficient to convince the judgment of ordinarily prudent men with such force that they would act upon that conviction without hesitation in their most important affairs or concerns of life.”
 

 We think the judge’s definition, as we
 
 *932
 
 have said, is in substance, though differently phrased, the same as that given in the last above quotation. Counsel did not ask for any special charge, and the bill reserved does not particularize any error of law, or direct attention to any specific omission or error in the charge. It is the accepted rule in nearly all, if not all, jurisdictions that when the instruction as to reasonable doubt is correct upon the whole, a conviction will not be set aside for mere omissions or errors in detail.
 

 Bill No. 7.
 

 Counsel requested the court to specially charge the jury that: “It is necessary for the state to prove an entry into the store of Simon Brothers, and it is for the jury to determine whether a display window is a store.” We think the judge’s per curiam correctly disposes of this bill. The judge says: “Counsel’s request to charge the jury to determine whether a display window in a store was refused, because the legal proposition as to what constituted the store had been ruled upon in the motion to quash; but the question of fact, whether an entry had been made into the store of Simon Brothers, including the display windows was submitted ■under my general charge together with all other questions of fact to the jury for determination, when I charged in substance, almost verbatim, that the State of Louisiana must prove beyond a reasonable doubt every necessary ingredient of the crime, every material allegation of the crime charged as set forth in. the indictment. I further charged that the jury was the judges of the law also, but they were presumed to take the law as charged by the court.”
 

 Finding no prejudicial error in any of the rulings complained of, the verdict and sentence are affirmed.