15 So.2d 874

**STATE v. WALKER.**

No. 37185.

Nov. 8, 1943.

S. R. Thomas, of Natchitoches, for defendant and appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Ben F. Thompson, Dist. Atty., and Walter M. Hunter, Asst. Dist. Atty., both of Alexandria, for the State, plaintiff and appellee.

ODOM, Justice.

The defendant was indicted for the crime of manslaughter, convicted as charged, and sentenced to serve a term in the state penitentiary at hard labor.

He appealed from the conviction and sentence, and relies on nine bills of exception, which disclose the alleged errors complained of. The record discloses that the defendant and the deceased "had a row", which began in a negro saloon and dance hall known as the "Red Onion" and ended within two or three minutes on the outside of the building. There was evidence to show that, after the so-called "row" on the inside of the building, the defendant left the dance hall and stood outside near the building until the deceased walked out to where the defendant was standing. The quarrel, or "row", was there resumed, and the defendant wounded the deceased by stabbing him with a knife, which wound proved fatal.

*Bill of Exception No. 1.*

A man named Tom Smith was called and sworn on behalf of the State, and was asked by the district attorney on direct examination the following question:

"Did Leroy Walker [the defendant] and Wilbur Robinson [the deceased] have a fuss on the inside of the place?"

Counsel for defendant objected to this question on the ground that the purpose of the question was to show that the defendant was actuated by malice, and that, since

he was charged with manslaughter and not murder, any testimony tending to show malice was inadmissible. The objection was overruled by the court, and Bill of Exception No. 1 was reserved to this ruling. The witness anwered the question as follows: "Yes, Sir." The witness was then asked: "How long after the fuss was it that the accused stabbed Robinson?" And the witness answered: "About three minutes."

The judge in his per curiam said:

"This evidence was admissible not only as part of the res gestae but further to show that defendant had the deliberate intention to slay the deceased at the time of the stabbing."

■ The judge did not err in his ruling. The testimony was admissible as part of the res. The circumstances and incidents connected with the killing of the deceased formed one continuous transaction. Article 448 of the Code of Criminal Procedure reads as follows:

"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."

■ In State v. Schmidt, 163 La. 512, 112 So. 400, 401, this court said that "The general rule is that all that occurs at the time and place immediately before and after a difficulty is admissible as res gestae". State v. Bradford, 164 La. 423, 114 So. 83; State v. Dale, 200 La. 19, 7 So.2d 371, and authorities there cited.

■ The testimony was introduced, not for the purpose of showing that the defendant was actuated by malice, but for the purpose of showing that he was guilty of the crime of manslaughter, an essential ingredient of which crime is that the slaying is done feloniously and without justification.

■ The defendant was on trial for manslaughter, and, in order to convict, the burden was upon the State to prove that the homicide was willful and felonious. Evidence offered for this purpose was admissible even though it might indicate that defendant was actuated by malice. The jurisprudence to this effect is settled. State v. Crump, 116 La. 978, 41 So. 229; State v. Woods, 161 La. 863, 109 So. 519 (overruling State v. McGarrity, 139 La. 430, 71 So. 730); State v. Elmore, 179 La. 1057, 155 So. 896; and State v. Richey, 198 La. 88, 3 So.2d 285, where the above cases are cited with approval and reviewed.

*Bill of Exception No. 2.*

Bill No. 2 was reserved to the ruling of the court permitting the witness Tom Smith to testify that he attempted to separate the accused and the deceased and that he received a knife wound on the arm while doing so. The witness was asked: "Did you get cut when you shoved him [the accused]?" Counsel for defendant objected to this testimony on the ground that it was irrelevant, immaterial, and prejudicial to the defendant. In his per curiam to this bill, the trial judge said:

"The witness Smith intervened to prevent the stabbing and shoved the accused back either just before or after the fatal stab was delivered by the accused. The

witness was cut at the time and as it was all one happening, it was admissible."

 The trial judge did not err in his ruling. The testimony was admissible as a part of the res and was not prejudicial to the defendant. See authorities cited under Bill No. 1.

*Bill of Exception No. 3.*

Tom Smith was called as a witness by the State, and, while on cross-examination, counsel for defendant asked him the following question: "You have a pretty bad reputation as a law violator?" The district attorney objected to this question on the ground that counsel for defendant was not pursuing the prescribed method for impeaching the credibility of a witness. The court sustained the objection, and Bill No. 3 was reserved.

The purpose of the testimony sought to be elicited from the witness was to impeach his credibility. Article 495 of the Code of Criminal Procedure prescribes the method to be followed for the impeachment of the credibility of witnesses. That article reads as follows:

"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness. But before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; provided, always, that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times."

Since counsel for defendant was attempting to impeach the credibility of the witness Smith, he should have followed the rule laid down by the Code. It would have been proper for counsel to have asked the witness whether he had ever been convicted of a crime, and, if the witness had failed to admit that he had, then evidence of such conviction could have been adduced from another source to show that he had. Or the witness could have been compelled to answer on cross-examination whether or not he had ever been indicted or arrested and, if so, how many times.

 After the judge sustained the objection to the question, counsel made no further effort to impeach his credibility. The judge did not err in his ruling.

*Bill of Exception No. 4.*

George Boyd was called as a witness on behalf of the defendant and was asked by counsel the following question: "Did you see the deceased that night at the Red Onion with a knife?" The question was objected to by the district attorney on the ground "that it formed no part of the res gestae". The objection was sustained, and Bill No. 4 was reserved.

The per curiam of the judge reads as follows:

"Counsel for defendant was seeking to bring before the jury some other happening which took place prior to the fatal stabbing and in no way connected with the present case. It could have been

of no assistance to the jury in arriving at a correct verdict."

■■ The trial judge, having heard the testimony, was in position to know whether the fact that the deceased had a knife at the dancehall, if in fact he did have one, had any connection whatever with the difficulty between the deceased and the accused which resulted in the fatal stabbing of the deceased. The excluding of testimony because of irrelvency rests largely in the discretion of the trial judge. State v. Stracner, 190 La. 457, 182 So. 571, citing Article 435 of the Code of Criminal Procedure, and State v. Bouvy, 124 La. 1054, 50 So. 849.

We cannot say that the judge, in ruling as he did, abused his discretion.

*Bill of Exception No. 5.*

While Tom Smith was on the stand as a witness for the State, he was asked by the district attorney whether he received a knife wound in the arm while he was attempting to separate the accused and the deceased. Counsel for defendant objected to this evidence on the ground that it was irrelevant and immaterial and prejudicial to the defendant. The objection was overruled on the ground that the testimony was admissible as a part of the res. The trial judge, in explaining to counsel for the defendant the reason for his ruling, made the following remark in the presence of the jury: "That it all took place in two or three minutes." Counsel for the accused objected to this remark of the judge and reserved Bill of Exception No. 5, on the ground that the remark of the judge con-

stituted a comment on the facts and was prejudicial to the defendant. The judge in his per curiam to this bill said:

"The statement made by me was directed to the counsel, explaining my ruling on the evidence given by Tom Smith as indicated in Bill No. 2, and was necessary in order to explain to the counsel that the evidence was admissible as a part of the res gestae. I stated to counsel that the cutting of Smith and the stabbing of deceased all happened at the same time and within about three minutes. This was not disputed by anyone. In my charge to the jury I charged them that they alone were the sole judges of the facts and that the Court was not permitted to even comment upon them, and that they likewise were the sole judges of the credibility of the witnesses."

■ The general rule applicable here is stated in 16 Corpus Juris, page 831, Section 2101, as follows:

"It is not improper for the court to make remarks in the presence of the jury, giving its reasons for admitting or excluding evidence, or to state the purpose for which the evidence is offered or admitted; and such remarks, without more, are not objectionable as comments, or the expression of an opinion, on the evidence." See also 23 C.J.S., Criminal Law, § 992.

This rule has been repeatedly recognized by this court. State v. Weathers, 127 La. 930, 54 So. 290; State v. Hoffman, 120 La. 949, 45 So. 951; State v. Logan, 104 La. 362, 29 So. 110; State v. Walker, 50 La. Ann. 420, 23 So. 967; State v. Dreher, 166 La. 924, 967, 118 So. 85, 101; State v. Ver-

non, 197 La. 867, 2 So.2d 629; State v. Childers, 196 La. 554, 199 So. 640.

The remarks made by the trial judge were not such as would influence the jury in reaching a verdict, nor could they be construed as expressing an opinion as to the guilt or innocence of the accused.

*Bill of Exception No. 7.*

The district attorney in his closing argument to the jury made the following statement: "There are not many people on trial for their own liberty that won't lie." Counsel for the defense reserved a bill of exception to this statement by the district attorney and requested the judge to instruct the jury to disregard it, and the judge refused to give the instruction.

The ground on which counsel's objection was made was that the argument by the district attorney was prejudicial to the defendant, in that it is not a correct statement of law, and particularly so in this case because the reputation of the defendant for truth and veracity had not been attacked by the State, although the opportunity was accorded the district attorney inasmuch as the defendant had placed his own reputation at stake.

The district attorney did not state that the defendant was a liar, or that he had lied. He merely made the statement that there were not many people on trial for their liberty who would not lie. This statement amounted to no more than a suggestion to the jurors that, in weighing the testimony of witnesses, including that of the defendant when he took the stand, they had a right to take into consideration the interest which the witness had in the outcome of the trial.

An accused who takes the stand in his own behalf has a dual capacity—that of accused and that of a witness. He is not compelled to take the stand as a witness in his own behalf, but he may do so, and, when he avails himself of this privilege, he is subject to all the rules that apply to other witnesses. See numerous cases cited in Marr's Criminal Jurisprudence, under the heading of "Witness in Own Behalf".

The testimony of accused must be weighed and considered according to the general rules of evidence. State v. Walsh, 44 La.Ann. 1122, 11 So. 811. In State v. Wiggins, 50 La.Ann. 330, 23 So. 334, 337, this court, after stating that an accused person who does not go on the stand is entitled to have the judge charge the jury that the fact that he declines to avail himself of that privilege gives no inference against him, said: "So, too, if he goes on the stand as a witness, the judge may charge the jury that, in weighing his testimony, they are entitled to take into account the fact of interest in the result of the trial." The following text appears in 23 Corpus Juris Secundum, Criminal Law, page 139, § 905, under the heading "Credibility of Witnesses": "Interested witnesses. The testimony of interested witnesses, such as near relatives, interested parties, and those testifying in their own behalf, should be carefully scrutinized and should not be given the weight of testimony of disinterested witnesses * * *."

The district attorney in his comment did not attack the character of the

accused. He was referring to the defendant not as the accused but as a witness. Since the judge may in his charge tell the jurors that, in weighing the testimony of an accused, they may take into consideration his interest in the outcome of the trial, there can be no good reason why the district attorney in his argument may not do the same thing; and that, in effect, is what the district attorney did in this case. There is no error in the ruling of the trial judge.

### Bill of Exception No. 8.

 In his closing argument before the jury, the district attorney made the following statement:

"If you reach the conclusion that defendant is guilty of murder, he is guilty of manslaughter."

Counsel for the defendant objected to this statement on the ground that it was improper since the charge against the defendant was manslaughter and not murder, and that the statement was prejudicial to the rights of the defendant. Counsel requested the judge to instruct the jury to disregard the remarks. The judge refused, and Bill of Exception No. 8 was reserved.

The judge in his per curiam to this bill said:

"The District Attorney was arguing that the jury should not acquit the accused if the facts of the case showed him guilty of the greater crime or murder as he was charged with manslaughter which was included in murder."

The judge did not err in his ruling. See cases cited in connection with Bill of Exception No. 1.

### Bill of Exception No. 9.

Bill of Exception No. 9 was reserved to the following statements alleged to have been made by the trial judge in his charge to the jury:

"You are only concerned with one verdict, manslaughter."

"That in the present case only three types of homicide should be considered, that of murder, manslaughter and involuntary homicide."

"You as jurors are representing the State."

"That if killing was done with provocation it was manslaughter."

"That a person cannot bring on a difficulty and plead self defense."

In his per curiam to this bill, the judge said:

"The counsel seems to have taken parts of statements and the whole of isolated statements made by me in charging the jury as a basis for this bill. Without the entire charge being given, which I cannot do from memory in this per curiam, it is difficult to pass upon this Bill of Exception. I explained to the jurors the three grades of homicide and that they were considering only the grade of manslaughter which had been preferred by the State against the accused, and that they were to pass upon that issue. Certainly, the charge did not indicate that the jurors were representing only the State. On the other hand,

they were told that the burden rested upon the State to prove the accused guilty beyond a reasonable doubt, and that the presumption of innocence was with the accused which must be overcome by evidence worthy of belief, and if not, the accused should be acquitted, or if they had a reasonable doubt as to the guilt of the accused they should acquit him."

The judge says further that he explained the law of self-defense in detail, and that he charged the jurors that, if they entertained reasonable doubt that the accused was guilty, they should acquit him.

The settled rule in this state is, as stated in State v. Davis, 154 La. 295, 317, 97 So. 449, 456, that:

"The judge's charge must be considered as a whole and particular expressions construed with reference to the context." Citing State v. Sehon, 137 La. 83, 68 So. 221.

In State v. Boone, 194 La. 977, 195 So. 511, 513, we said:

"Moreover, we will not disturb the ruling of the trial judge when an objection is made to a portion of his charge to the jury and it is not shown, when considered in connection with the remainder of the charge, to be erroneous and prejudicial." (Citing State v. Davis, and State v. Sehon, supra, and numerous other cases.)

The charge given by the judge in this case was not reduced to writing, and we must therefore accept his statement as to what his general charge contained.

Tested by the general rule above stated, there is no merit in this bill.

*Bill of Exception No. 10.*

Bill of Exception No. 10 was reserved to the refusal of the trial judge to give certain special charges requested by counsel for the defendant. The requested charges, according to the bill of exception, are as follows:

"I further charge you that the State must prove specific intent to kill or to inflict great bodily harm."

"I further charge you that the burden is on the State to prove beyond reasonable doubt that killing was not done in self defense."

In the note of evidence taken on this bill, it is stated that counsel for defendant handed the court a paper containing the following:

"Please charge in the following words:

"The danger may not be real, but the person attacked must reasonably believe he is in danger of imminent bodily harm.

"I further charge you that the State must prove specific intent to kill or to inflict great bodily harm.

"I further charge you that the burden is on the State to prove beyond reasonable doubt that killing was not done in self defense."

The judge says in his per curiam that, according to his recollection, counsel for defendant requested three charges, as indicated in the note by the clerk and he says: "I charged two of them in the words requested, but refused the other for the reason that it was fully covered in the general charge and I felt that should I re-

peat the charge on specific intent, it would be confusing and would be over-emphasizing this element of the case."

It appears, therefore, that the only special charge requested by counsel for defendant which the judge refused to give was the one relating to specific intent. Since that particular charge was, according to the judge's statement, "fully covered in the general charge", there was no reason why it should be repeated in a special charge.

A judge may refuse to give a requested special charge if already substantially given in the general charge. See Marr's Criminal Jurisprudence, under the heading "Requested Special Charges", and the numerous cases there cited.

There is no merit in this bill.

For the reasons assigned, the verdict and sentence are affirmed.