## No. 984.

## The State vs. Edward Hughes.

The admissions, confessions, or declarations of a person accused of crime, can not be received in evidence against him, unless the witness who testifies to them, is able to state at least the *substance* of them.

APPEAL from the Eighth Judicial District Court, parish of Calcasieu. *Hudspeth,* J.

*Ferreol Perrodin,* District Attorney, for the State.

*George H. Wells* and *F. A. Gallaugher,* for defendant and appellant.

The opinion of the court was delivered by

Spencer, J. The defendant is appellant from a verdict of guilty and sentence to hard labor for life on a charge of murder. He assigns as error the rulings of the court on three points, two of which only need be noticed :

First—Thomas McMahon, a State witness, was asked by the district attorney to state a conversation he had with the prisoner relative to the homicide charged. "The witness thereupon saying that he had had such conversation with the prisoner, but that he could not remember said conversation, nor the substance thereof, the district attorney thereupon asked said witness to state to the jury what he could remember of what the prisoner had said in said conversation." The prisoner objected, "on the ground that the confessions or declarations of the

State vs. Hughes.

prisoner must be taken together," and that such confessions or declarations were inadmissible, "unless it appears that the witness can state at least the substance of said conversation." The court overruled the objection, and allowed the witness "to testify as to such portions of said conversations as he could remember," stating to the jury that the prisoner's objection "went not so much to the admissibility as to the effect of the testimony."

Second—The witness Landry, sworn for the State, "was asked whether he had ever heard any statements made by the accused, and, if so, what statements he had heard." "The witness stated that he had overheard a remark made by the accused from the jail window in the course of a conversation which he (accused) was carrying on with a little boy outside; that though he had noticed these parties in conversation before he arrived at the jail, and had left them in conversation, he had only heard the single remark to which he testified, while he was passing by the jail, and that he had not heard either the preceding or subsequent portion of the conversation of which this remark formed part." The accused made the same objection, and the court overruled it for the same reason.

We think the court below erred in both these rulings. An admission, confession, or declaration of a party can not be given in evidence against him, unless the witness testifying thereto can at least state the substance of all that was said. See Greenleaf, sections 201, 218, 165 ; 3 An. 359; 11 An. 49, 736; 3 N. S. 454; 9 R. 146; 9 A. 163; 26 An. 622.

We are not disposed to relax this salutary rule; for although such evidence, when we have satisfactory guarantees of its accuracy, may amount to the strongest proof, yet in a majority of instances, owing to infirmities of memory, or to inattention, or misunderstanding in those called to state conversations with others, it is not very trustworthy. It would be utterly unreliable if fragmentary portions of conversations were received, for then a man might be made to say directly the contrary of what he did say.

It is therefore ordered, adjudged, and decreed that the verdict and sentence appealed from be set aside and avoided, and that this cause be remanded for a new trial and to be proceeded with according to law.