*1408 The opinion of the court was delivered by
'Miller, J.
The defendant appeals from the sentence for manslaughter. He relies on several bills of exception, but our view in /respect to one of the bills is decisive of the case.
A witness for the State, present when the deceased received the ■fatal shot, passing from the room where the shot was delivered to ithe front room, stated to the persons who were there in answer to the question “ What is the matter back there? ” and stated that “ Nick Ramsey had shot Jim Moffitt, and shot him down for nothing.” This statement was permitted to go to the jury as part of the res gestas, over the defendant’s objection reserved by his bill of exceptions. Res ¡gestae refers to the conduct and declarations of the parties accompanying or closely linked to the act, the subject of investigation. :Such declarations or conduct regarded as arising from or suggested by the act itself, and as the unpremeditated declaration or conduct .of the moment, are admitted, because of that weight the law •attaches to conduct, and declarations under such circumstances. Manifestly, that which is said or done after the act, the subject of investigation, has not the sanctity the law accords to that done or said at the time of the act. Hence, the law excludes from res gestae the narrative of a past transaction. 1 Greenleaf on Evidence, ;Secs. 108-110. On the relation in point of time between the .act and the declarations referring to it, the authorities are variant. ,In some cases a brief interval between the act and the statement has been deemed sufficient to exclude the statement; -.in other cases of greater intervals, the statement has been •deemed within the res gestae. While time is an important test in ascertaining the res gestae, it can not be said that the interval is to tbe measured by any fixed rule as to seconds and minutes. Rice on ■Evidence, 125; Wharton Criminal Evidence; State vs. Molisse, 38 An. 381. In this case the statement was at no greater time after the •shooting than was requisite for the party who made it to pass from the back to the front room. We say this much in reference to the question of time, because of the discussion on that point we find in the briefs. Again, it is urged on us that the res gestae does not include the statements of those the brief terms third parties present .at the time. In some of the authorities cited by the State on this point the statements of those present at the time were treated as participants. There are eases, too, in which declarations of parties *1409 present, not involved in the act constituting the crime, have been -admitted. State vs. Moore, 38 An. 66; State vs. Horton, 33 An. 290; State vs. Corcoran, 38 An. 949. We are not required to lay down the rule with respect to the declarations of parties present at the time not participants in the act. The decision, in our view, is controlled by the fact that in this ease the declaration sought to be given in evidence was that of an observer, and announced his -opinion of the guilt of the accused. It was not the narration merely of the fact itself, but the expression of his opinion as to its character. Under all the authorities it seems to us that statement was not part of the res gestas. Wharton thus states the law: “ Narrations of the transaction are inadmissible, unless admissions of the party charged * * * Comments and criticisms of-observers can not be introduced as res gestae. Such persons must be called and examined as to what they saw. Wharton Criminal Evidence, Secs. 263, 264. Other text writers restrict res gestae to the statements of the parties or of those connected with them in the transaction. Roscoe, p. 23; 1 Bishop Criminal Law, Sec. 1087. Our courts have excluded such testimony. State vs. Oliver, 39 An. 471; State vs. Riley, 42 An, 993. The statement in this case was that of an observer. It announced his opinion. In either view his statement was inadmissible. He was on the stand, and could have been examined as to all facts in his knowledge. His opinion was .not evidence; it was for the jury to form their conclusion from the facts given in evidence. The admission of the statement entitles the accused to a new trial.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be reversed and set aside; that a new trial be and is hereby granted the defendant, and that he be held in custody to stand and abide the result of said new trial.