State vs. Spillers.

105  163
116  984

105  163
e119  142

No. 13,721.

STATE OF LOUISIANA VS. CLAREE SPILLERS AND JOE SPILLERS.

SYLLABUS.

1. An entire sentence spoken by an accused, a short time prior to the homicide, and overheard by a witness, if admitted in evidence, is not reversible error if it docs not appear wherein it had any bearing on the crime charged. It was not an admission of guilt; on the contrary, it was a denial of a wrong charged, which had, so far as the record discloses, naught to do with the homicide.

2. If it was used as derivative evidence, then it was admissible as part of the *res gestae.*

3. Applause by a number of those present at the trial, at once checked by the presiding judge, who particularly directed the jury not to give it attention and to decide the case according to their judgment, offers no ground to set aside the verdict.

APPEAL from the Twelfth Judicial District, Parish of Vernon— *Lee, J.*

*Walter Guion,* Attorney General, and *Amos L. Ponder,* District Attorney, (*Lewis Guion,* of counsel) for Plaintiff, Appellee.

*Egan & Pegues* for Claree Spillers, Defendant, Appellant.

The opinion of the court was delivered by

BBEAUX, J. On the 26th day of July, 1900, the defendants were indicted by the grand jury of the parish of Vernon for the alleged murder of D. Rumsey, on the 30th day of June, 1900. In July following, the case was continued to the next term of the court. In October of this year the case was called and fixed to be tried on the 31st day of that month. At the time the case was called for trial, the defendants, on being asked if they were ready for trial, having answered in the affirmative, the case was taken up for trial and tried.

The jury found the defendant, Claree Spillers, guilty as charged, and Joe Spillers not guilty. From the verdict and sentence Claree Spillers prosecutes this appeal.

During the trial a bill of exceptions was taken. After verdict, de-

fendant (Claree Spillers) moved for a new trial. The bill of exceptions sets forth that counsel for defendant objected to the testimony of a witness who testified as follows, to-wit:

"As I was passing, I overheard Mr. Rumsey, the deceased, say to " Claree Spillers: 'You have robbed me and got all I have got, so you go " away from me. I don't want to have anything at all to do with you.' " Her answer was: 'You are a d—n liar. I ain't got your money.' When " I overheard this conversation I was going from Ferguson's saloon to " Howell's. I did not stop, but heard the conversation in passing. Don't " know how long they had been talking when I heard the above conver- " sation. They were talking before I reached them and were talking " when I left them. I did not hear the statement that immediately pre- " ceded or immediately followed the above remarks. I do not know how " long they had been talking or how they had talked together, but had " walked twenty or thirty steps and saw them walking along arm in " arm, when I looked back. It was only about twenty or thirty minutes " after I heard this conversation when the killing took place."

This testimony is incorporated in the bill of exceptions, and is the only testimony taken down while the witnesses were being examined. The district judge signed the bill of exceptions without assigning reasons for admitting the testimony.

In view of the gravity of the case, we have incorporated in our decision the whole narrative of the bill of exceptions. The statement made by the defendant to the deceased is, in itself, complete. The sentences of this statement are not uncertain, but are direct and positive. The witness said that he did not know what the defendant said just prior to, or just after, the statement above narrated. This testimony does not give rise to the inference that the conversation preceding or following the statement had anything to do with the murder charged. As to the statement, it is not an admission of the defendant. On the contrary, it is denial of a wrong with which she was accused, but which had naught to do with the homicide. The testimony is not proof of a confession, for what the defendant said had nothing about it in the nature of a confession. It was not inculpatory.

"A confession is an admission made at any time by a party charged with a crime, stating or suggesting that he committed that crime." Bradner on Evidence, p. 215, par. 13.

Here, the asserted admission or conversation overheard does not sug-

gest, in the most remote degree, that defendant committed the homicide.

The defendant was without right to have this statement excluded on the ground that the witness should have stated the whole conversation, in view of the fact before stated, which is as follows: That nothing shows that the statement admitted incriminated her, and in the second place, for the reason that it does not appear that the conversation overheard was explained in any manner by some other statement made by her. She made no statement, as disclosed by the evidence, rendering it necessary to refer to it, and in any manner explaining, limiting, or changing the overheard conversation, so far as the record discloses.

The objection urged by defendant's counsel was that the witness was not able to repeat the *entire* conversation, and that it was not competent for the court to admit an isolated phrase or part of a conversation; that the accused was entitled to have the *whole* of it, or to have the whole of it excluded from the jury. In answer to a similar objection, this court said: "If more was uttered on the same subject, it was the duty of defendant's counsel to have introduced those other persons and proved that fact, and not left it open to inference." State vs. Oliver, 43 Ann. 1003.

Besides the testimony was admissible, although the witness did not hear the whole conversation.

We understand it to be the rule that one cannot use his verbal or written statements in his favor, yet, if the State uses such a statement as evidence, the defendant is entitled to have it all before the court; the whole is to be proved up, and "the jury may estimate the probability of any part of it which makes in his favor." Best on Evidence, p. 273. That rule is not controlling, we take it, when it does not appear that the statement or overheard conversation introduced by the State has any bearing on the crime charged and when it does not appear that it would have been prejudicial to the accused in the most remote manner. But, if the overheard conversation had any bearing, as relates to intent and motive, is was, in our view, admissible as part of the *res gestae*.

In State vs. Molisse, 38 Ann. 381, the court held that time does not, of itself, determine whether a statement is part of the *res gestae*. Motive may be proved by evidence which is part of the *res gestae*. Bishop Cr. Pr., vol. 2, p. 630; 290; Best on Evidence, par. 495, and note. The conclusions just stated bring us to a consideration of the grounds alleged by the defendant for a new trial. They are, that the district at-

torney, in concluding the closing address, appealed to the jury to bring
in a verdict of guilty, and that, thereupon, the crowd in the court-room
burst into applause, which the judge immediately suppressed, and he sent
the sheriff in the audience to apprehend the wrong-doers in thus ap-
plauding. The judge then especially instructed the jury to disregard
this applause and instructed them in the case to be governed by their
opinion alone.

We do not infer, from the statement appearing of record, that the
jury was influenced by the applause. No account is given of details
regarding this demonstration. It may have been the demonstration of
thoughtless boys and of men even more thoughtless than boys. As rep-
rehensible as the act was, and however much it is to be regretted that
men will so far lose their self-respect at any time while a human being
is being tried for her life, yet, in view of the repressive measures taken
and the prompt and determined action of the district judge, we do not
think that we should remand the case for another trial. We trust that
upon such occasions juries are not influenced by senseless applause.
Recently, we have had occasion to express our views about the feeling
of by-standers and its influence on the jury. State vs. Renaud, 50 Ann.
662 (665). As in the cited case, we do not find sufficient ground upon
which to set aside the jury's verdict. It is not made evident that the
jury was influenced.

The defendant, being a woman condemned to suffer the extreme pen-
alty of the law, we have given the issues our most earnest consideration.
We have found no ground upon which we can possibly disturb the ver-
dict and sentence of the court.

For reasons assigned, the judgment and verdict of the court are af-
firmed.

BLANCHARD, J., dissents on the authority of State vs. Hughes, 29
La. Ann. 514, and State vs. Gilcrease, 26 La. Ann. 622. The testimony
of the witness Phil Simon was offered by the prosecution to prove mo-
tive, and, therefore, had a direct bearing on the case. The single re-
mark of the accused which he overheard and testified to was but *part* of
a conversation. It should have been excluded. It cannot be considered
as part of the *res gestae*, for it was some thirty minutes later that the
killing occurred.

Rehearing refused .