ROGERS, J.
Defendant appeals from a. conviction of murder and sentence of death. The record contains five bills of exception.
The first bill was taken to the ruling of the court on the competency of a juror. Counsel for the accused propounded to the juror, on his voir dire, the following question:
“Q. Would you be willing to give the time required in reaching a verdict, or would you feel any way rushed on account of any business which would call you, thus preventing you from reaching a fair and impartial verdict?”
To which the witness returned the following answer:
“A. I have some work which I must attend to every night and morning. I would certainly hurry this case up and rush in reaching a verdict so as to allow me to get back to my work.”
The juror was challenged for cause, which was refused. He was then challenged peremptorily.
It will be noted, in the first place, that the juror did not answer that he would not, or could not, render a fair and impartial verdict.
It is mandatory upon all citizens, except those who are specially exempted by law, to serve as jurors when called for that purpose. The time such service necessarily takes from the juror’s business is a contribution by him to the organized government-under which he lives. The obligation is always irksome, and frequently unpleasant, and, doubtless, all who respond to it are de'sirous of the prompt discharge thereof; nevertheless, jurors are, in a sense, officers of the court, and are presumed to faithfully perform their duties, and to give the requisite time and attention to the cases submitted to them for adjudication.
In the second place, the juror was thoroughly questioned by the court, who reprimanded him for his answer, which he took back by saying that he did not mean it in that light, and that he would give the case due consideration notwithstanding his occupation.
The court ruled that the juror was competent, and we agree with that ruling.
The second, third, and fourth bills' may be considered together. These bills were reserved to the overruling by the court of the defendant’s objections to the admission of the testimony of three witnesses concerning statements of the deceased touching the person who had shot him, immediately after he had been shot; the witnesses having heard the shots and the cry of the deceased, and having hurried to the spot which they reached in about three minutes after the shooting.
In bill No. 2 it further appears that the witness was permitted to testify, over defendant’s objections, as to statements made by the deceased two or three minutes before the shooting, and while the witness was on her gallery about two acres away.
The testimony was objected to on the ground that it was hearsay; that the statements constituted a dying declaration; that no foundation had been laid for their admission as such; and that they could not be considered as part of the res gestse, no time having been established by the state between the actual killing and the time the statements were made.
The trial judge admitted the testimony *1062 as part of the res gesta?, and on the further ground that the killing of the deceased was not denied, but admitted, the defense being that of self-defense.
The per curiam shows that the statements were made by the deceased whilst on the ground mortally wounded to the witnesses, who were the first three persons reaching the spot of the homicide three minutes after the shooting; that the statements further referred to in bill No. 2 were made two or three minutes before the shooting.
The testimony was not hearsay, nor was it a dying declaration, and it • required no foundation to be laid as in the case of dying declarations. It was admissible as part of the res gestae. State v. Foley, 113 La. 52, 36 South. 885, 104 Am. St. Rep. 493; State v. Maxey, 107 La. 799, 32 South. 206; State v. Perioux, 107 La. 601, 31 South. 1016; State v. Breaux, 104 La. 543, 29 South. 222; State v. Sadler, 51 La. Ann. 1397, 26 South. 390; State v. Molisse, 38 La. Ann. 383, 58 Am. Rep. 181; State v. Revells, 34 La. Ann. 381, 44 Am. Rep. 436.
Bill No. 5 was reserved to the overruling of a motion for a new trial, on the ground that no evidence was adduced on the trial showing, or tending to show, “premeditation and malice aforethought, express or implied,” and on further ground that the verdict was contrary' to the law and the evidence.
The trial judge overruled the motion for the reason, as stated by him, that “there were no grounds to grant the motion, the evidence not being contrary to the law and the evidence.”
The motion and bill themselves present no grounds for reversal.
The court has appellate jurisdiction on' questions of law alone, and it will not revise the refusal of the lower court1 to grant a new trial on an alleged deficiency of evidence to make out a case, or upon the general allegation that the verdict is contrary to the law and the evidence.
We have found no ground upon which to reverse the verdict and sentence.
The judgment appealed from is affirmed.
O’NIELL, X, dissents from the rulings on 2, 3, and 4, and from the deciding of this case without either oral argument or brief on behalf of appellants.