(105 So. 46)

No. 27241.

### STATE v. WILLIAMS.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬤≈363—"Res gestæ" defined.**

Res gestæ are events speaking for themselves through the instinctive and spontaneous words and acts of the participants when narrating the events; the distinguishing characteristics of these declarations being that they must be necessary incidents of the criminal act or immediate concomitants of it, and that they are not due to calculated policy or deliberate design.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Gestæ.]

**2. Criminal law ⬤≈363—Res gestæ cannot be arbitrarily confined within time limits.**

There are no limits of time within which res gestæ can be arbitrarily confined, but they vary in fact with each particular case.

**3. Criminal law ⬤≈366(6)—Statement of deceased uttered to witness about 5 minutes after shooting held part of res gestæ.**

Statement uttered by deceased to witness about 5 minutes after occurrence of shooting, and while witness was lying at place where he had been shot, was a part of res gestæ; no intervening transactions being shown between shooting and moment witness came to spot where deceased was lying.

O'Niell, C. J., and Overton, J., dissenting.

Appeal from Eleventh Judicial District Court, Parish of Vernon; Hal. A. Burgess, Judge.

Richard Williams was convicted of manslaughter, and he appeals. Affirmed.

J. R. Ferguson and A. B. Cavanaugh, both of Leesville, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., John B. Hill, Dist. Atty., of Many (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. Defendant was indicted and tried for murder. He was convicted of manslaughter and sentenced to imprisonment in the state penitentiary at hard labor for not less than five, nor more than six, years. This appeal is from said verdict and sentence.

There are two bills of exception in the record, which, however, present only one question for review. The state offered a witness to prove, as a part of the res gestæ, a statement made to the witness by the deceased shortly after he had been fatally shot touching the person who had shot him.

Defendant's bill of exception recites, inter alia, that the witness called to the stand by the state was not a witness to the shooting, and that he arrived at the scene more than 15 minutes after the occurrence. That the district attorney propounded to the witness the following question, viz.: "What did Dan Wheeler tell you when you came up?" Dan Wheeler was the deceased. The question and the answer sought to be elicited were objected to on the ground that they were not a

part of the res gestæ. This objection was overruled, and the witness answered: "I walked up there and asked him who shot him, and he said Richard (meaning defendant) shot him."

The trial judge in his statement per curiam sets forth that he admitted the testimony as part of the res gestæ because the witness had testified the statement was made to him by the deceased while he was lying at the place he was shot, and about 5 minutes after the shooting had occurred.

[1, 2] We think the ruling was correct. Res gestæ are events speaking for themselves through the instinctive and spontaneous words and acts of participants, and not the words of the participants when narrating the events. The distinguishing characteristics of these declarations are that they must be necessary incidents of the criminal act or immediate concomitants of it, and that they are not due to calculated policy or deliberate design. There are no limits of time within which the res gestæ can be arbitrarily confined. They vary in fact with each particular case. State v. Thomas, 30 La. Ann. 602; State v. Molisse, 38 La. Ann. 381, 58 Am. Rep. 181; State v. Ramsey, 48 La. Ann. 1408, 20 So. 904; State v. Spillars, 105 La. 165, 29 So. 480; State v. Perioux, 107 La. 608, 31 So. 1016; State v. Foley, 113 La. 52, 36 So. 885, 104 Am. St. Rep. 493; State v. Hopkin's, 152 La. 1063, 95 So. 221; Wharton, Crim. Ev. (10th Ed.) vol. 1, § 262, pp. 490 et seq.

[3] The evidence admitted was not a narrative statement wholly unconnected with the principal fact. According to the district judge, whose recital is controlling, it was uttered about five minutes after the shooting had occurred, and while the victim of the defendant was lying at the place where he had been shot. It is not shown that there were any intervening transactions or that anything was said after the shooting had occurred to the moment the witness came to the spot where the deceased was lying. In these cir-

cumstances, the statement of the deceased to the witness was soon enough after the homicidal act, and sufficiently connected with it to be an immediate concomitant of it, and not a statement proceeding from or suggested by calculated policy or deliberate design.

For the reasons assigned, the verdict and sentence appealed from are affirmed.

O'NIELL, C. J., and OVERTON, J., dissent.