FOURNET, Justice.
 

 John Dale, having been convicted of manslaughter on an indictment for murder, prosecutes this appeal from his conviction and sentence and relies for the reversal thereof on three errors allegedly committed during the course of his trial, to which bills of exceptions were timely and properly reserved.
 

 The first two bills of exceptions were reserved to the trial judge’s ruling permitting Mrs. Annie Michwich, widow of the man the defendant is accused of having killed, And Dewitt Williams, to testify, over the objection of counsel for the defendant, as to statements made by the deceased shortly after the shooting. Counsel objected to this testimony “on the ground that it was hearsay and that a proper basis had not been laid for its admissibility.”
 

 An exception to the hearsay rule is the admission of matters constituting a part of the res gestae. Article 447 of the Code of Criminal Procedure; State v. Bussey, 162 La. 393, 110 So. 626; and 16 C. J. 572, § 1114; 22 C. J. S., Criminal Law, § 662. “To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.” Article 448 of the Code of Criminal Procedure. See, also, State v. Hopkins, 152 La. 1060, 95 So. 221; State v. Williams, 158 La. 1011, 105 So. 46, 47, and the cases therein cited.
 

 This exception to the hearsay rule was succinctly explained in the Williams case as follows:
 

 “ * * * Res gestae are events speaking for themselves through the instinctive and spontaneous words and acts of partic
 
 *24
 
 ipants, and not the words of the participants when narrating the events. The distinguishing characteristics of these declarations are that they must be necessary incidents of the criminal act or immediate concomitants of it, and that they are not due to calculated policy or deliberate design. There are no limits of time within which the res gestae can be arbitrarily confined. They vary in fact with each particular case.” .... , ■
 

 ' According to the facts of this case, as revealed by the per curiams of the trial judge, the deceased and the accused were 82 yards apart by actual measurement and separated by a ditch filled with water when the deceased was shot by the defendant through the neck with a 22 rifle, the bullet penetrating the spinal cord and causing complete paralysis from the neck down. The wife and daughter of the deceased, hearing the shots and being only a few hundred yards away, ran immediately to the place where the deceased fell, the daughter arriving about a minute after the shooting and the wife within three minutes.
 

 The testimony of the widow to which the accused objects is that when she arrived at the scene the deceased told her. he had been shot by the defendant from behind a tree. The testimony of the witness Williams (the third person to arrive at the scene where the- deceased lay in the same position in which he had fallen after the shooting, his arrival being within five minutes thereof), objected to by the accused is that the deceased told Williams he had seen the accused only a minute before he was shot by him and that he (the deceased) was dying.
 

 The defendant was not represented in this court by counsel and no brief was filed here in his behalf, but we find from the bills of exceptions reserved to the judge’s ruling admitting the testimony of Mrs. Michwich that he .contends it was prejudicial to his cause “in that it tended to establish that defendant was hiding behind a tree when he shot the deceased, whereas as a matter of fact he was standing in an open space,” and that the testimony of Williams was prejudicial to him in that it was used as the basis for introducing testimony damaging to the defendant as the dying declaration of the deceased.
 

 In the Williams and Hopkins cases, supra, the facts were almost indentical with those in the instant case. In the Williams case the witness arrived where the deceased was lying about five minutes after the shooting had occurred and he was allowed to testify as to what the deceased had told him, over the objection of counsel for the accused, for the reason that the same formed a part of the res gestae. In reviewing the ruling of the trial judge on this phase of the case, this court said: “It is not shown that there were any intervening transactions or that anything was said after the shooting had occurred to the moment the witness came to the spot where the deceased was lying,” and held that under these circumstances the testimony was admissible as a part of the res gestae.
 

 We therefore conclude that the testimony of Mrs. Michwich and Williams formed a
 
 *26
 
 part of the res gestae and was, therefore, properly admissible in the instant case.
 

 The last bill of exceptions was reserved to the trial judge’s overruling of the defendant’s motion for a new trial, which motion was based, in addition to the two alleged errors just disposed of and the allegations that the verdict waá contrary to the law and the evidence, on the alleged discovery after the verdict of material evidence, not known to the defendant or available prior to the trial, disclosing “the whereabouts of the deceased on the morning of the shooting,” and on the alleged disqualification of one of the jurors, I. A. Babb, who was heard to say after the trial of the case that at the time he was accepted as a juror his “mind was made up,” although in answer to defendant’s query he had stated that it was not.
 

 In our opinion there is no merit to this bill of exceptions. The newly discovered evidence, as pointed out by the trial judge in his per curiam to this bill of exceptions, would have been cumulative only. Furthermore, this point was not seriously urged by counsel for the defendant for he did not attach to his motion a sworn statement of the facts intended to be proved by the new witnesses, nor did he produce them in court when the motion for a new trial was tried. The attack on the juror Babb, has apparently been abandoned by the defendant since no mention of it was made in his third bill of exceptions. In addition to this, the trial judge found from the evidence introduced on the trial of the motion that there was no basis for this attack.
 

 The mere statement that the verdict was contrary to the law and the evidence is a conclusion of the counsel and presents nothing for us to review. Furthermore, in disposing of this contention, the trial judge declared in his per curiam to this bill of exceptions that from the facts of the case as disclosed by the defendant’s own testimony, he was guilty of murder.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.