PER CURIAM;
| jWrit granted; reversed and remanded. Defendant was indicted for the second degree murder of Noah Stout committed on August 28, 2012, and obstruction of justice committed by tampering with evidence of the murder. After defendant was arrested on September 4, 2012, he admitted he stabbed the victim but claimed he acted in self-defense.
As a trial date approached, defendant, filed a motion in limine to exclude any evidence indicating he attacked or threatened his former girlfriend, Kimberly Med-lin, or her friend, Philip Oliver; any evidence pertaining to a Jefferson Parish Sheriffs Office (JPSO) report with item number 1-60293-12, which indicated Med-lin reported defendant came to her residence on September 2, 2012 (two days before his arrest), attacked her, and stole her phone; and any evidence indicating defendant had an open warrant at the time of his arrest or had been incarcerated in Mississippi. Defendant argued this evidence is inadmissible because it is not relevant to the charged offenses, it is unfairly prejudicial, it does not constitute res gestae, it pertains to allegations that.are unsubstantiated, and the state failed |2to give notice of its intent to introduce this evidence in accordance with State v. Prieur, 277 So.2d 126 (La.1973).
In respon.se to the motion, the state provided defendant with two additional JPSO reports indicating Medlin reported defendant came to her home on March .30, 2012, stole from her, and locked her out of her home (item number C-31139-12); and Medlin reported defendant threatened her with a knife at her home on August .6, 2012 (item number H-60566-12). The latter incident occurred 22 days before the homicide in question. - ■ The state then argued that all of the defendant’s actions following the murder up until the time he was arrested were admissible as res gestae. By supplemental response, the state argued that the incident on August 6, 2012-in which defendant threatened Medlin with a knife, 22 days before the homicide (item number H-60566-12) — does not only constitute res gestae but is also indicative of his modus operandi; and the incident on September 2, 2012 — in which defendant attacked Medlin and stole her phone (item number 1-60293-12) — as well as defendant’s resulting arrest warrant for battery (which was outstanding at the time he was arrested for murder) are admissible as res gestae. According to the state, because these constitute res gestae, no Prieur notice is necessary and there is no obligation to prove defendant committed these acts until trial.
At the motion hearing held on September 22, 2015, the state conceded that any incarceration in Mississippi or outstanding warrant issued by that jurisdiction would be inadmissible, and the state clarified that the open warrant pertained to the alleged battery on September 2, 2012, reflected in the report with item number 1-60293-12. The state also conceded that, although it had provided the defense with several police reports involving an ongoing history of domestic disturbances involving defendant and Medlin 1 ¡¡(such as the report from an incident on March 30, 2012, with item number C-31139-12), there were only two inci *4 dents, reflected in reports with item numbers H-60566-12 and 1-60293-12, that the state intended to present at trial as res gestae, i.e., the allegation that defendant brandished a knife and threatened Medlin on August 6, 2012 (22 days before the murder), and the allegation that defendant attacked Medlin and stole her phone on September 2,2012 (two days before he was arrested). The defendant argued at the hearing on his motion in limine that the state is required to furnish notice and then prove at a Prieur hearing that he committed these acts before such evidence can be admitted at trial.
The District Court rejected defendant’s argument that a Prieur hearing was required and found the evidence defendant threatened Medlin with a knife on August' 6, 2012, and he attacked Medlin and stole her phone on September 2, 2012 (along with the arrest warrant that resulted from this theft), would be admissible at trial as res gestae. After the court of appeal denied writs on the showing made with one dissent, State v. Scott, 15-0603 (La.App. 5 Cir. 9/25/15) (unpub’d), we granted defendant’s application to reverse the courts below and remand to the District Court for further proceedings consistent with the views that follow.
Res gestae is first and foremost an antiquated term for several'exceptions to the rule forbidding hearsay testimony.[1] This Court has explained res' gestae in that' context as follows:
Res gestae are events speaking for themselves through the instinctive and spontaneous words and acts of participants, and not the words of the participants' when narrating the events. The distinguishing characteristics of these declarations are that they must be necessary incidents of the criminal act or immediate concomitants- of it, and that they are not due to calculated policy or deliberate design. There are no [4limits of time within which the res gestae can be arbitrarily confined. They vary in fact with each particular case.
State v. Williams, 158 La. 1011, 1013, 105 So. 46, 47 (1925) (collecting cases). The term res gestae-as it pertains to hearsay no longer appears in the rules of evidence but the notion lives- on in Article 801(D)(4) (defining “Things said or done” as non-hearsay) and the first three parts of Article 803 (providing hearsay exceptions for present sense impressions, excited utterances, and then existing mental, emotional, or physical conditions).[2] In a related but distinct usage, res gestae was also used to describe “criminal acts which are an inseparable part of the whole deed” which are admissible despite the “general prohibition against the use of other crimes evidence.” See State v. Haarala, 398 So.2d 1093, 1097 (La.1981). Former La.R.S. 15:447 (repealed by 1988 La. Acts 515) defined this type of res gestae and provided it is always admissible:
*5 Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
Former La.R.S. 15:448 (repealed by 1988 La. Acts 515) further provided:
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.
| ^Although res gestae as it pertained to necessary incidents and immediate concomitants of the criminal act were generally admissible, there were substantial limiting requirements. A “very close con-nexity” between the charged offense and the other crimes evidence sought to be introduced under the res gestae exception was required. State v. Schwartz, 354 So.2d 1332, 1334 (La.1978) (collecting cases). The other crimes had to be “intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it.” State v. Brewington, 601 So.2d 656, 657 (La.1992); see also State v. Odenbaugh, 10-0268, p. 53 (La.12/6/11), 82 So.3d 215, 251.
As in the case of the res gestae hearsay exceptions, the term res gestae as it pertains to closely connected other crimes evidence also no longer appears in the rules of evidence, which now provide that “evidence of other crimes, wrongs, or acts ... may, however, be admissible ... when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.” See La.C,E. art. 404(B)(1); see also id. cmt.m (“The phrase ‘or when it relates to conduct which constitutes an integral part of the act or transaction that is the subject of the present proceeding’ has been added .' as a substitute for the ambiguous phrase ‘res gestae’ used in former R.S. 15:447-448.”). This Court in State v. Prieur, 277 So.2d 126 (La.1973) distinguished between other crimes “admissible as part of the res gestae” and other crimes “relevant to show intent, knowledge or system.” Prieur, 277 So.2d at 128. The notice requirement established in Prieur applied only to the latter. Id.,Id., 277 So.2d at 130 (“No such notice is required as to evidence of offenses which' are part'of the res ges-tae... .”). That distinction is maintained for integral acts in Article 404(B)(1). As this Court noted in State v. Goza, 408 So.2d 1349, 1352 (La.1982), “[t]he reason jfino notice is required as to res gestae evidence is that for evidence of the other crime to so qualify, the other crime must be so closely connected that the indictment or information as to the instant crime is deemed to carry with it notice as to the other crimes as well.”
More correctly described as the integral act doctrine under present law, this doctrine “reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness.” Old Chief v. United States, 519 U.S. 172, 187, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997). The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct, but whether doing so would deprive its case of narrative momentum and cohesiveness, “with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach ■ an honest verdict.” Id.
*6 Applying these principles to the present case, the District Court erred in finding the incident in which defendant is alleged to have threatened Medlin with a knife on August 6, 2012,. and the incident in which defendant is alleged to have attacked Medlin and stole her phone on September 2, 2012 (along with the outstanding arrest warrant that resulted), constituted integral parts of the , crimes charged. At the hearing on defendant’s motion in li-mine, the state presented only conclusory assertions that these incidents are “res gestae.” The state made no effort to explain how either incident is closely connected or intertwined with the charged offenses. After reviewing the state’s filings and argument, it is not clear which charge the state believed these incidents were integral to, i.e., the question remains whether they are intertwined with the murder, obstruction, or both. Regarding the incident on |7September 2, 2012, the state argued at the hearing that “the ease law has found that what someone does after they commit a murder is very relevant,” which is a gross oversimplification.[3] Regarding the incident on August 6, the state presented no argument at the motion hearing. In the state’s supplemental response to defendant’s motion in limine, the state presented the conclusory statement that this incident is admissible as res ges-tae and then proposed in the alternative that it is admissible to show defendant’s modus operandi.[4]
Given the state’s failure to' show any connexity between the charged offenses and the other crimes evidence sought to be introduced as integral acts, the District Court erred in ruling evidence of these incidents would be admissible at trial. That ruling is vacated and the matter remanded for further proceedings consistent with the views herein.
REVERSED AND REMANDED

. See generally Edmund M, Morgan, A Suggested Classification of Utterances Admissible as Res Gestae, 31 Yale L.J. 229 (1922).

, According to a treatise on Louisiana’s rules of evidence: , ¡
Although Louisiana jurisprudence previously recognized present sense impressions, excited utterances, and declarations of present mental, emotional, or physical condition as separate and distinct exceptions to the hearsay rule, they were generally referred to by the court as res 'gestae exceptions. The res gestae exception has been criticized, as being too vague and imprecise and has been abandoned by many courts and legislatures. The Louisiana Code of Evidence does not provide for an explicit res gestae exception. However, remnants of it remain under Articles 803(1), (2), and (3) and 801(D)(4).
Harges & Jones, La. Prac. Evidence Art. 803 (2015 ed.) (footnotes omitted).

. In its initial response to defendant's motion in limine, the state cited State v. Taylor, 01-1638 (La.1/14/03), 838 So.2d 729, for the broad proposition that “[tlhe defendant’s actions following the commission of the murder are admissible under res gestae." The state misconstrued Taylor, which simply rested on the principles of narrative completeness that are described above, See Taylor, 01-1638, pp. 12-13, 838 So.2d at 743 (citing Old Chief).

. The District Court did not base its ruling on this latter argument and therefore the question of whether the earlier attack demonstrates modus operandi is not before this Court,